```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
William Mora,

                        Petitioner,           94-CR-00729 (CPS)

        - against -
                                              MEMORANDUM OPINION
The United States of America                  AND ORDER

                        Respondent.
----------------------------------------X
```

SIFTON, Senior Judge.

Petitioner *pro se* William Mora, currently incarcerated at the United States Penitentiary in Inez, Kentucky, moves for a writ of audita querela or, in the alternative, a writ of error coram nobis in order to attack his sentence collaterally.[1] Following a fourteen week jury trial, petitioner was convicted of 42 counts[2] including racketeering ("RICO"), murder in aid of

---

[1] Petitioner moves for a "writ of error audita querela." Petr.'s Br. at 1. In the interests of justice, I have construed petitioner's motion as a request for a writ of audita querela or, in the alternative, a writ of error coram nobis. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal quotation marks and citation omitted).

[2] Petitioner was convicted of racketeering, in violation of 18 U.S.C. §§ 1962(c), 1963 (count 1), racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d), 1963 (count 2), assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (counts 3, 5, 13, 21, 25, 27, and 42), conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (counts 12, 18, 32, 33, 37, 40, and 41), using and carrying firearm for violent crime or narcotic trafficking, in violation of 18 U.S.C. § 924(c) (counts 14, 20, 22, 26, 28, 35, 38, 43, and 51), using and carrying a destructive device for violent crime, in violation of 18 U.S.C. § 924(c) (count 31), arson, in violation of 18 U.S.C. § 844(i) (counts 7, 16, 17, 30), murder in aid of racketeering, in violation of 18 U.S.C. § 1959 (counts 9, 19, and 34), felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (counts 23, 29, 39, and 52), continuing criminal narcotics enterprise, in violation of 21 U.S.C. §§ 848(a), 848(b)(1),

racketeering, and operating a continuing criminal enterprise ("CCE") and was sentenced to multiple terms of life imprisonment in addition to statutorily mandated consecutive terms, amounting effectively to life plus 145 years in prison. Petitioner now claims that he is entitled to a reduction in his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). For the reasons set forth below, petitioner's motion is denied.

**BACKGROUND**

The following facts are essentially undisputed. They are taken from the trial and appellate record in the case that led to petitioner's conviction as well as from the parties' submissions in connection with the petition.

Petitioner, together with his brother David Mora, Leo Contrera, Jose Vega, and Love Brooks, was convicted in the Fall of 1995 of participating in the Mora brothers' crack distribution gang (the "Mora gang" or the "gang") in Brooklyn, New York. The trial detailed ten years of crack dealing by the Mora gang and the violence used by the gang in its attempt to maintain its territory. The prosecution presented the testimony of more than 70 witnesses, including eleven former members of the Mora gang, several cooperating witnesses, victim witnesses and numerous law enforcement witnesses. The prosecution also introduced scores of

---

848(b)(2)(A), and 848(c) (count 45), narcotics distribution near school, in violation of 21 U.S.C. §§ 860, 841(b)(1)(A)(iii) (counts 48 and 49), possession of machine gun, in violation of 18 U.S.C. §§ 922(o)(1), 924(a)(2), and 26 U.S.C. § 5845, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count 53).

documents, photographs, and other physical evidence in order to convince the jury of petitioner's guilt beyond a reasonable doubt.

A jury convicted petitioner of forty-two counts charged in his indictment (petitioner was acquitted of one count), several of which were of particular significance at sentencing. Counts 31 (using and carrying a destructive device during and in relation to a crime of violence) and 51 (use of a machine gun) carried mandatory life terms of incarceration, consecutive to each other and to all other counts. Counts 20, 22, 26, 28, 35, and 43 (use of a firearm during and in relation to a crime of violence) carried mandatory consecutive 20-year terms. The United States Sentencing Guidelines (the "USSG") calculation resulted in an adjusted offense level of 53, (*see* PSR ¶ 327), which requires life imprisonment. Accordingly, on counts 1 (RICO), 2 (RICO conspiracy), 9, 19 and 34 (murder in aid of racketeering), 44 (narcotics conspiracy), 45 (CCE), and 48 and 49 (distribution of narcotics near a schoolyard), Mora was sentenced to life imprisonment and received consecutive life terms under counts 31 and 51 as well as lesser sentences on the remaining counts. (*See* Sent. Tr. at 35-38.)

Subsequently, petitioner, together with his co-defendants, appealed his conviction. Petitioner argued that the evidence was legally insufficient, that the prosecution engaged in misconduct, that federal jurisdiction was lacking on certain counts under the commerce clause, made various evidentiary

challenges, and claimed that his conviction for narcotics conspiracy (count 44) must be vacated in light of his CCE conviction (count 45). The Court of Appeals rejected all but the final claim raised and his conviction on count 44 was vacated. *See United States v. Mora*, 152 F.3d 921, 1998 WL 398802 (2d Cir. June 8, 1998).

Petitioner thereafter filed a petition under 28 U.S.C. § 2255 seeking habeas corpus relief. The petition was denied on October 15, 2001. On July 29, 2002, the Second Circuit denied Petitioner's application for a certificate of appealability.

**DISCUSSION**

Petitioner moves for a writ of audita querela or, in the alternative, a writ of error coram nobis in order to attack his sentence collaterally. I address these writs in turn below.

*1. Writ of Audita Querela*

Audita querela is a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law Dictionary 141 (8th ed. 2004). "Though formally abolished in civil cases, *see* Fed. R. Civ. P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). The Second Circuit has stated that a writ of audita querela "might be deemed available if [its] existence [were] necessary to avoid serious questions as to the constitutional validity of both § 2255 and §

2244[.]" *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997); *see also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie").

Here, petitioner does not show any potential constitutional deficiency in 28 U.S.C. §§ 2255 or 2241 or other avenues of relief that might require a writ of audita querela. Petitioner cites *United States v. Booker*, 543 U.S. 220 (2005), claiming that its holding that the United States Sentencing Guidelines are advisory rather than mandatory represents a "newly created right" and renders petitioner's sentence, which was determined under the mandatory guideline regime, erroneous. Petr.'s Br. at 1, 3. A similar argument was made to the Second Circuit in *United States v. Richter*. As the Second Circuit explained in that case, "*Booker* does not apply retroactively to cases on collateral review." *Richter*, 510 F.3d at 104 (quoting *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005)). Therefore, petitioner has "no colorable claim of a constitutional violation" under *Booker*. *Id.* Accordingly, a writ of audita querela is unavailable to Petitioner on that ground.[3]

---

[3] Petitioner also complains of alleged errors in his presentencing report ("PSR") and requests that the PSR be corrected. Ptr.'s Br. at 13-18. However, the alleged errors relate to the fact that the PSR does not take account of *Booker*'s holding that the United States Sentencing Guidelines are advisory. Because *Booker* does not apply retroactively, the PSR's failure to take *Booker* into account is not error and petitioner's request to amend must

*2. Writ of Error Coram Nobis*

Petitioner also appears to argue that he is entitled to a writ of error coram nobis. "Coram nobis is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence." *U.S. v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). A writ of coram nobis is an "extraordinary remedy authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). Coram nobis relief is made available to those who can "demonstrate continuing legal consequences of the petitioner's conviction," meaning they "must show a concrete threat of serious harm." *Id.* "The proceedings leading to the petitioner's conviction are presumed to be correct, and 'the burden rests on the accused to show otherwise.'" *Foont v. United States*, 93 F.3d 76, 78-79 (2d Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 512, (1954)).

Here, petitioner argues that his sentence was illegally imposed because it was determined under the pre-*Booker* regime of mandatory sentencing guidelines. As previously noted, however, *Booker* does not apply retroactively. *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005). Accordingly, *Booker* does not

---

be denied.

form the basis for an argument that petitioner's sentence was illegally imposed.

**CONCLUSION**

For the reasons set forth above, Petitioner's application is denied. The Clerk is directed to transmit a filed copy of the within to the parties.

SO ORDERED.

Dated:   Brooklyn, NY
         January 6, 2009

>            By: /s/ Charles P. Sifton (electronically signed)
>                United States District Judge